UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRANCH BANKING AND TRUST
COMPANY, a North Carolina banking
corporation, as successor-in-interest to
Colonial Bank by asset acquisition from
The FDIC as Receiver for Colonial Bank,

    Plaintiff,

vs.                                    CASE NO. 8:13-CV-1952-T-17EAJ

JOMAR HUDSON, LLC,
A Florida limited liability company,
and WILLIAM B. SHIRLEY, individually,

    Defendants.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO QUASH SERVICE AND DENYING DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT

This matter comes before the Court pursuant to Defendant WILLIAM B. SHIRLEY's ("W. Shirley") Motion to Dismiss Count II and Quash Service of Process, (Doc. # 17), filed September 24, 2013, updated October 29, 2013, (Doc. # 30), and Plaintiff BRANCH BANKING AND TRUST COMPANY's ("Plaintiff") Response in Opposition (Doc. # 25), filed October 8, 2013, updated November 12, 2013 (Doc. # 33). For the reasons set forth below, the Defendant's Motion to Dismiss is **DENIED**, and the Defendant's Motion to Quash Service is **GRANTED**.

## BACKGROUND AND PROCEDURAL HISTORY

On December 20, 2005, Jomar Hudson, LLC ("Jomar") executed a loan agreement and commercial promissory note with Plaintiff's predecessor-in-interest Colonial Bank. (Doc. # 16, ¶10–11). On September 20, 2006, Jomar executed a renewal note and

1

amendment to the agreement renewing and amending the December 20, 2005 note. Id. at ¶12–13.

On July 29, 2013, Plaintiff filed a three-count Complaint. On September 10, 2013, Plaintiff filed its Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). The causes of action included enforcement of the terms of the Renewal Note ("Count I"); enforcement of the terms of the Guaranties ("Count II"); and foreclosure of the lien on the rents pursuant to the Mortgage and Assignment ("Count III"). (Doc. # 1). Subsequently, on October 29, 2013, Defendant W. Shirley filed his Motion to Dismiss Count II of the Amended Complaint—the only count applicable to Defendant W. Shirly individually—and Plaintiff responded November 12, 2013.

## DISCUSSION

### 1. Plaintiff Failed to Properly Serve Defendant

Defendant requests the Court quash service of process in this case with respect to Count II, and as the basis cites Plaintiff's service of process on Defendant's wife, rather than Defendant himself. Federal Rule of Civil Procedure 4 outlines the requirements for service in district court, which allows for service of process by following state law for serving a summons. Fed. R. Civ. P. 4(e)(1). Plaintiff's response to Defendant's contention of improper service is silent with respect to Plaintiff's failure to meet specific requirements of Florida Statute § 48.031(2)(a), in particular substitution of service "if the spouse requests such service." (Doc. # 25). Here, Defendant has filed an affidavit from his spouse Jody Shirley, which affirmatively swears such substitution was never requested. (Doc. # 17, Exhibit A). Plaintiff has failed to rebut this point, and rather argues the "harmless" deficiency should not preclude suit. (Doc. # 25, ¶8).

2

Defendant's Motion to Quash Service is hereby **GRANTED** to the extent Plaintiff must re-serve Defendant properly and in accord with Federal Rule of Civil Procedure 4 and Florida Statute § 48.031. Plaintiff shall procure such service within fifteen (15) days of the date of this order, and such service will be considered nunc pro tunc. Absent a showing of good cause,[1] should Plaintiff fail to procure service as outlined above, the Court will dismiss Count II of the Amended Complaint under Federal Rule of Civil Procedure 12(b)(5).

### 2. Plaintiff's Complaint States a Claim Upon Which Relief May Be Granted

Under Federal Rule of Civil Procedure 8(a)(2), a Plaintiff's complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." A Defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim on which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "While a complaint attacked by a [Rule] 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide grounds of his [or her] entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (second alteration in original) (citation omitted) (internal quotation marks omitted).

On a Rule 12(b)(6) motion to dismiss, a court must "accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." Alvarez v. Attorney Gen. for Fla., 679 F.3d 1257, 1261 (11th Cir. 2012). Courts follow a

---

[1] For example, Plaintiff is unable to serve Defendant based on the deliberate actions of the Defendant; however, this is not a suggestion Defendant would deliberately avoid service, but rather an example for a showing of good cause.

3

two-prong approached when considering a motion to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)). If "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," then the claim meets the "plausibility requirement," but it requires "more than a sheer possibility" that the allegations are true. Id. "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned [...] accusation." Id. (quoting Twombly, 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265 (1986)).

Count II of the Amended Complaint mirrors Count I in part with respect to supplying certain documents in a timely manner—Count II alleges Defendant W. Shirley as an individual and guarantor of the lending agreements failed to provide documents in accord with Section 5.17. Defendant W. Shirley contends albeit not timely, some of these documents were ultimately provided to Plaintiff.

As is the standard in a motion to dismiss, this Court must accept the factual allegations as true and construed in a light most favorable to the Plaintiff. Alvarez, 679 F.3d at 1261. Construing the facts in this light, and eliminating the legal conclusions contained in the Amended Complaint, Plaintiff has sufficiently pleaded factual allegations upon which relief is plausible to survive Defendant W. Shirley's Motion to Dismiss. Am. Dental Ass'n, 605 F.3d at 1290.

Defendant W. Shirley implores the Court to dismiss the case because most documents were ultimately provided to Plaintiff, and additional documents will be provided upon receipt. (Doc. # 30). However, there is no such protection under which Defendant W. Shirley may avail for providing the documents after the deadlines, nor has Defendant W. Shirley provided any authority—whether controlling or persuasive—to suggest this is not a material breach. The Court, required to construe the facts in a light most favorable to Plaintiff, finds for the purposes of Defendant W. Shirley's Motion to Dismiss that Plaintiff has more than a "sheer possibility" of prevailing against Defendant W. Shirley as pleaded, and, therefore, dismissal of Count II is **DENIED**.

Accordingly, it is **ORDERED** that:

1. Service of process with respect to Defendant W. Shirley is **QUASHED**. Plaintiff shall properly serve Plaintiff within fifteen (15) days from the date of this Order;

2. Dismissal of Count II of the Amended Complaint is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this ___ day of March, 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:   All Counsel and Parties of Record