UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRANCH BANKING AND TRUST
COMPANY, a North Carolina banking
corporation, as successor-in-interest to
Colonial Bank by asset acquisition from
The FDIC as Receiver for Colonial Bank,

    Plaintiff,

vs.                                                CASE NO. 8:13-CV-1952-T-17EAJ

JOMAR HUDSON, LLC,
A Florida limited liability company,
and WILLIAM B. SHIRLEY, individually,

    Defendants.
_____/

**ORDER DENYING DEFENDANTS'**
**MOTIONS TO DISMISS THE AMENDED COMPLAINT**

This matter comes before the Court pursuant to Defendant JOMAR HUDSON, LLC's ("Jomar") Motion to Dismiss the Amended Complaint (Doc. # 18), filed on September 24, 2013, and Plaintiff BRANCH BANKING AND TRUST COMPANY's ("Plaintiff") Response in Opposition (Doc. # 27). For the reasons set forth below, the Defendant's motion is **DENIED**.

**BACKGROUND AND PROCEDURAL HISTORY**

On December 20, 2005, Jomar executed a loan agreement and commercial promissory note with Plaintiff's predecessor-in-interest Colonial Bank. (Doc. # 16, ¶10–11). On September 20, 2006, Jomar executed a renewal note and amendment to the agreement renewing and amending the December 20, 2005 note. Id. at ¶12–13.

1

On July 29, 2013, Plaintiff filed a three-count Complaint. On September 10, 2013, Plaintiff filed its Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). The causes of action included enforcement of the terms of the Renewal Note ("Count I"); enforcement of the terms of the Guaranties ("Count II"); and foreclosure of the lien on the rents ("Count III"). (Doc. # 16). Counts I and III apply to Defendant Jomar. On September 24, 2013, Defendant Jomar filed the subject Motion to Dismiss, and Plaintiff responded October 18, 2013. (Doc. # 18, 27).

## DISCUSSION

Generally, when multiple grounds are sought for dismissal—as is true in the case at bar—courts should address jurisdictional matters before reaching the merits of a plaintiff's claims. <u>Republic of Panama v. BCCI Holdings (Luxembourg) S.A.</u>, 119 F.3d 935, 940 (11th Cir. 1997).

### 1. Venue is Proper

Based on Federal Rule of Civil Procedure 12(b)(3), Defendant Jomar moves this Court to dismiss the Plaintiff's cause of action for allegedly violating the forum selection clause—specifically, Plaintiff's election to pursue remedies in federal rather than state court in Pinellas County, Florida. The clause reads in pertinent part as follows:

> 14.  <u>Litigation</u>.  Any litigation between the parties brought in connection with this Note or concerning the subject matter hereof prior to closing of the Loan <u>shall</u> only be brought in Pinellas County, Florida.

(Doc. # 16-2, p. 4) (emphasis added). Defendant Jomar does not attack the legality, reasonableness, or enforceability of the forum selection clause, and, thus, this Court declines to address those issues.

Venue is proper in both federal and state court, and Plaintiff's election to pursue remedies in District Court does not violate the forum selection clause. To determine the validity of a forum selection clause, courts must determine whether the clause is permissive or mandatory. Global Satellite Communications Co. v. Starmill U.K. Ltd., 378 F.3d 1269, 1272 (11th Cir. 2004). A permissive clause "merely authorizes jurisdiction in a designated forum and does not prohibit litigation elsewhere," whereas a mandatory clause "dictates exclusive forum for litigation under contract." id. (citing Snapper, Inc. v. Redan, 171 F.3d 1260, 1262 n. 24 (11th Cir. 1999)). The clause at issue utilizes the imperative "shall," and, thus, mandates venue solely in Pinellas County, Florida. See id. (holding the use of the word "shall" in forum selection clauses is "most reasonably interpreted to mandate venue in [the selected county] and [that county] alone").

When a forum selection clause fails to designate the type of court, venue is proper in any court exercising jurisdiction over that county. See Mosaic Fertilizer, LLC v. Van Fleet Intern. Airport Development Group, LLC, 486 Fed.Appx. 869, 872 (11th Cir. 2012) (holding venue is permissible in federal district court when forum selection clause designates the county but is silent to the type of court); see also City of West Palm Beach v. Visionair, Inc., 199 Fed.Appx 768, 770 (11th Cir. 2006). Local Rule 1.02(b)(4) designates the counties upon which the United States District Court, Middle District of Florida, Tampa Division, exercises jurisdiction, among which is Pinellas County. Accordingly, the forum selection clause mandates any party to the contract may bring suit in a federal or state court within Pinellas County, Florida, and the Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(3) is **DENIED**.

## 2. Plaintiff's Complaint States Claims Upon Which Relief May Be Granted

Under Federal Rule of Civil Procedure 8(a)(2), a Plaintiff's complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." A Defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim on which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "While a complaint attacked by a [Rule] 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide grounds of his [or her] entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (second alteration in original) (citation omitted) (internal quotation marks omitted).

On a Rule 12(b)(6) motion to dismiss, a court must "accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." Alvarez v. Attorney Gen. for Fla., 679 F.3d 1257, 1261 (11th Cir. 2012). Courts follow a two-prong approached when considering a motion to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)). If "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," then the claim meets the "plausibility requirement," but it requires "more than a sheer possibility" that the allegations are true.

4

Id. "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned [...] accusation." Id. (quoting Twombly, 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265 (1986)).

In Count I of the Amended Complaint, Plaintiff asserts Defendant Jomar failed to timely provide financial statements described in Section 5.17 of the Initial Loan Agreement, violated Section 5.22 of the Initial Loan Agreement by transferring interest-ownership without Plaintiff's consent, and violated Section 7.1(f) of the Initial Loan Agreement via default judgment. (Doc. # 16). Defendant Jomar contends, albeit not timely, some of these documents were ultimately provided, Jomar still substantially owns the transferred interest through another corporation, and the default judgment was resolved in state court.

As is the standard in a motion to dismiss, this Court must accept the factual allegations as true and construed in a light most favorable to the Plaintiff. Alvarez, 679 F.3d at 1261. Construing the facts in this light, and eliminating the legal conclusions contained in the Amended Complaint, Plaintiff has sufficiently pleaded factual allegations upon which relief is plausible to survive Defendant Jomar's Motion to Dismiss. Am. Dental Ass'n, 605 F.3d at 1290. Defendant Jomar implores the Court to dismiss the case because most documents were ultimately provided to Plaintiff, and additional documents will be provided upon receipt (Doc. # 18); however, there is no such protection under which Defendant Jomar may avail for providing the documents after the deadlines, nor has Defendant Jomar provided any authority—whether controlling or persuasive—to suggest this is not a material breach.

5

Similarly, Defendant Jomar fails to provide any authority to suggest its violations of the Initial Loan Agreement and subsequent renewals and addendums are immaterial or not, in fact, breaches. Thus, as Defendant Jomar has failed to carry its burden for requesting dismissal of the Amended Complaint, the Court, required to construe the facts in a light most favorable to Plaintiff, finds for the purposes of Defendant Jomar's Motion to Dismiss that Plaintiff has more than a "sheer possibility" of prevailing against Defendant Jomar as pleaded, and, therefore, dismissal of Count I is **DENIED**.

By virtue of the defaults considered in Count I of the Amended Complaint, In Count III of the Amended Complaint, Plaintiff asserts a superior interest in, and request for foreclosure on, the rents of the mortgage. Defendant Jomar does not challenge the legality of this request, but rather the materiality of the breaches that trigger the foreclosure on the rents. For the reasons stated, supra, this Court finds Count III sufficiently states facts that, when construed in a light most favorable to the Plaintiff, provide plausible entitlement to relief. Therefore, dismissal of Count III is **DENIED**.

Accordingly, it is **ORDERED** that:

1. Dismissal of Count I of the Amended Complaint is **DENIED**;
2. Dismissal of Count III of the Amended Complaint is **DENIED**; and
3. The Defendant shall have ten days to answer the Amended Complaint.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this ___ day of March, 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel and Parties of Record