UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRANCH BANKING AND TRUST
COMPANY, a North Carolina banking
corporation, as successor-in-interest to
Colonial Bank by asset acquisition from
The FDIC as Receiver for Colonial Bank,

     Plaintiff,

vs.                               CASE NO. 8:13-CV-1952-T-17EAJ

JOMAR HUDSON, LLC,
A Florida limited liability company,
and WILLIAM B. SHIRLEY, individually,

     Defendants.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR THE SEQUESTRATION OF RENTS

This matter comes before the Court pursuant to Plaintiff BRANCH BANKING AND TRUST COMPANY's ("Plaintiff") Motion for Sequestration of Rents (the "Motion"), (Doc. # 9), filed August 22, 2013, Defendant JOMAR HUDSON, LLC's ("Jomar") Response in Opposition, (Doc. # 14), filed September 5, 2013, Jomar's Supplemental Response, (Doc. # 21), filed October 2, 2013, and Plaintiff's Supplemental Response, (Doc. # 35), filed November 12, 2013. For the reasons set forth below, the Plaintiff's Motion is **GRANTED**.

### BACKGROUND AND PROCEDURAL HISTORY

On December 20, 2005, Jomar executed a loan agreement, commercial promissory note, and assignment of rents with Plaintiff's predecessor-in-interest Colonial Bank. (Doc. # 16, ¶¶10–11). On December 23, 2005, Plaintiff's predecessor-in-interest recorded the mortgage and security agreement, as well as the assignment of rents, in the public records of Pasco County, Florida. Id. at ¶¶29, 31. On September 20, 2006, Jomar

1

executed a renewal note and amendment to the agreement renewing and amending the December 20, 2005 note.   Id. at ¶¶12–13.   On September 29, 2006, Plaintiff's predecessor-in-interest recorded the mortgage modification, future advance and consolidation agreement in the public records of Pasco County, Florida.   Id. at ¶30.   On October 25, 2012, Plaintiff filed its UCC Financing Statement with the Secretary of State and recorded same in the public records of Pasco County, Florida.   Id. at ¶¶32–33

On July 29, 2013, Plaintiff filed a three-count Complaint.   On September 10, 2013, Plaintiff filed its Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B).   The causes of action included enforcement of the terms of the Renewal Note ("Count I"); enforcement of the terms of the Guaranties ("Count II"); and foreclosure of the lien on the rents ("Count III").   (Doc. # 16).   On August 22, 2013, Plaintiff filed the subject Motion, (Doc. # 9), and Defendant responded September 5, 2013, and supplemented October 2, 2013.   (Doc. # 14, 21).

## DISCUSSION

Chapter 697 of the Florida Statutes controls instruments deemed mortgages and the nature of a mortgage.   Federal courts must apply the substantive law of the forum state. Technical Coating Applicators, Inc., v. United States Fid. & Guar. Co., 157 F.3d 843, 844 (11th Cir. 1998).   When a plaintiff brings suit to foreclosure her liens on a property, a court of competent jurisdiction may, upon motion from plaintiff, pending final adjudicating of the action, require the defendant to deposit collected rents into the registry of the court. Fla. Stat. § 697.07(4).   To prevail, the plaintiff need only make a bare showing of a pending foreclosure action with an assignment of rents provision. Wane v. U.S. Bank, Nat. Ass'n, 128 So.3d 932, 934 (Fla. 2d DCA 2013).   Before such collected rents are

2

deposited, however, a court may authorize the use of same to: (a) pay the reasonable expenses solely to protect, preserve, and operate the property, including real estate taxes and insurance; (b) escrow sums required by separate assignment of rents instruments; and (c) make payments to the mortgage. Fla. Stat. § 697.07(4)(a)–(c).

In Count III of Plaintiff's Amended Complaint, Plaintiff moves, under Florida Statutes §§ 697.01 and 697.07, to foreclose its lien on rents, issues, and profits derived from the property at issue in this litigation.  As discussed above, Plaintiff has made the "bare showing" of the pending foreclosure; it filed and recorded the necessary paperwork to perfect its interest for a lien against the subject property and rents derived therefrom. Defendant challenges Plaintiff's Motion on multiple grounds, specifically that Plaintiff has not brought a foreclosure action, (Doc. # 14, p. 2), has not filed a "UCC-1" to lay claim as a valid first priority lien on the subject rents, (Doc. # 14, p. 3), and has not articulated a valid default, monetary or otherwise.  (Doc. # 14, p. 5; Doc. # 21, p. 5).

Plaintiff has brought a foreclosure action via Count III of the Amended Complaint, in which Plaintiff specifically cites the aforementioned Florida Statutes §§ 697.01 and 697.07 as the basis.  While Plaintiff may not have yet requested sale of the property to satisfy this foreclosure,[1] it is a foreclosure nevertheless.  Further, while Defendant raised concerns regarding Plaintiff's priority with respect to liens, the rents are being sequestered by the Court in accord with Florida Statute § 697.07(4), rather than assigned and disbursed to Plaintiff in accord with Florida Statute § 697.07(3).  Finally, while Defendant insists the alleged actions are not defaults, monetary or otherwise, the Court has reviewed the multiple motions to dismiss and concluded Plaintiff has met its burden

---

[1] Plaintiff did, however, request "such other and additional relief [the] Court may deem just and appropriate," which could include eventual sale of the subject property to satisfy the liens.

to survive the motions to dismiss.  The Court's findings in these orders, (Doc. ## 40, 41), are reincorporated by reference, and the Court finds the alleged defaults meet the "bare showing" to permit sequestration of the rents. Wane, 128 So.3d at 934.  Accordingly, it is

**ORDERED** that:

    1.    Plaintiff's Motion for Sequestration of Rents is **GRANTED**.  Defendant, Jomar Hudson, LLC, shall:

    (a) Deposit rents into the registry for the United States District Court for the Middle District of Florida, less the exceptions as outlined in Florida Statute § 697.07(4)(a)–(c), if any;

    (b) Provide Plaintiff with a certified rent roll reflecting all collected rents received from and expenses incurred for the preceding 12 months from the date of this Order for the subject property;

    (c) Provide Plaintiff with a monthly certified rent roll reflecting all collected rents received from and expenses incurred for the subject property; and

    (d) Provide Plaintiff with a receipt for each expense reflected on each certified rent roll.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 10th day of March, 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:    All Counsel and Parties of Record